**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

RELAY GROUP LTD. d/b/a
NAMETRUST,

Plaintiff,

v.

FEWMORETAPS OÜ d/b/a
TRUST NAME.,
KIRYL NESTSIAROVICH,

Defendants.
___________________/

## COMPLAINT

Plaintiff, RELAY GROUP LTD. d/b/a NAMETRUST, ("NAMETRUST" or "Plaintiff") by and through its undersigned counsel, hereby files this Complaint and sues Defendants, FEWMORETAPS OÜ d/b/a TRUST NAME, LLC ("TRUST NAME") and KIRYL NESTSYAROVICH, ("NESTSYAROVICH") CEO of TRUST NAME (Collectively "Defendants") for injunctive relief and damages and states as follows:

## INTRODUCTION

Plaintiff, RELAY GROUP LTD., owns and operates an international domain name registrar business which has a base located in St. Petersburg Florida and which operates out of Nametrust, Inc. a business registered within the State of Florida. RELAY GROUP LTD owns the valid, registered United States trademark for "NAMETRUST." RELAY GROUP LTD has worked diligently to build a reputation within the international domain name registration industry and with its customers.


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Defendants have continuously attempted to divert consumers away from Plaintiff by operating the website, trustname.com ("Website") using a confusingly similar mark, "TRUST NAME." Defendants are aware that their activities are infringing and persist in their unlawful use and advertisement despite multiple Cease and Desist letters and the United States Patent and Trademark Office's rejection of their attempted registration for "TRUST NAME." Accordingly, Defendants' infringement is willful, intentional and knowing. Plaintiff is left with no other recourse than to seek relief with this Court.

**PARTIES**

1. Plaintiff, RELAY GROUP LTD, is a United Kingdom Limited Company with its principal place of business located at 6th Floor 9 Appold Street, London, United Kingdom, EC2A 2AP.

2. Defendant FEWMORETAPS OÜ is an Estonian Company with a principal place of business located at 13 Roseni, Tallinn, 10111 Estonia. Defendant has a business Registration number 16354846 and VAT ID EE102702659.

3. Upon information and belief, Defendant NESTSYAROVICH is an individual residing in Tallinn, Harjumaa, Estonia and the sole moving and active conscious force behind, controlling and operating Defendant FEWMORETAPS OÜ d/b/a "TRUST NAME" and "Trustname.com."

**JURISDICTION AND VENUE**

4. This is an action for (i) trademark infringement under 15 U.S.C. § 1114 of the Lanham Act; (ii) unfair competition and false designation of origin under 15 U.S.C. §1125(a) of the Lanham Act.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338, and 1367

as this action arises under Acts of Congress relating to trademarks and the claims for unfair competition.

6. This Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2) since Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws. Defendants have knowingly violated the federal trademark laws set forth in the Lanham Act and continue to do business internationally and in the United States, offering their services under the infringing name "TRUST NAME" to consumers in the United States. On information and belief, Defendants have offered their services for sale to individuals in the United States and have entered the stream of commerce in the United States.

7. Venue is proper in this District under 28 U.S.C. §1391(b) and 28 U.S.C. §1391(c) because Defendants reside and/or are domiciled in Estonia and does not reside in the United States for venue determination.

## BACKGROUND FACTS

**A. PLAINTIFF'S Business**

8. Plaintiff is an internationally renowned corporate domain registrar operating its website nametrust.com.

9. Plaintiff offers its services in the United States, Europe, and throughout the rest of the world.

10. Plaintiff has worked diligently to build consumer goodwill, brand recognition, and a reputation of providing trustworthy quality services.

11. Plaintiff has expended significant resources in advertising and building its brand.

12. It is unlawful now that Defendants seek to benefit on that goodwill and divert

customers seeking Plaintiff's services.

13. On July 30, 2024, the United States Patent and Trademark Office ("USPTO") issued to Plaintiff trademark registration number 7,462,923 for its word mark "Nametrust." The registration is for classes 42 and 45. Specifically, the registration includes domain name search services, domain portfolio management and monitoring online brand usage to assist in online brand protection.

14. TRUST NAME offers the same kind of domain name related services, in the same channels via an online website and to the same consumer base seeking such domain registrar services as Plaintiff.

**B. DEFENDANTS' Illegal Activities**

15. Defendants operate and have been operating a website trustname.com selling domain registrations and offering domain name portfolio management services in a confusingly similar manner as Plaintiff through their website nametrust.com.

16. The confusingly similar mark is clearly utilized in an effort to confuse consumers of an association between Defendant and Plaintiff both of whom offer nearly identical goods and services.

17. Trustname.com and nametrust.com both appear side by side in a standard Google search, demonstrating that the same consumer base using a standard Google search are presented with the two confusingly similar links to choose from.

18. TRUST NAME accordingly advertises in the same online channels as Plaintiff and acquires online website traffic by diverting consumers searching for "Nametrust."


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455




19. Plaintiff's and TRUST NAME marks use the same words and syllables. In addition, they are presented to consumers in the same one word format.







20. Defendants' unlawful conduct has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

21. Plaintiff sent Defendants cease and desist letters in September and November of


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

2024 informing Defendants of their infringement of the "Nametrust" registered mark and including a copy of their US Registration.

22. In the meantime, Defendants were attempting to acquire a US trademark of their own for "Trust Name," filed under application serial number 98386957 but were unsuccessful.

23. In January of 2025 the USPTO issued an office action rejecting the "Trust Name" mark under section 2(d) for a likelihood of confusion specifically with Plaintiff's cited and registered mark.

24. Said Office Action is attached hereto and marked as Exhibit "B."

25. Among the reasons cited by the examiner were similarity of the marks and similarity of the goods and services offered.

26. The Defendants' trademark application was thereafter abandoned by "Trust Name."

27. However, Defendants has continued to operate its website under the same name, offering its services and advertising under the same name and through the same channels as Plaintiff.

28. Despite having been informed through not one, but multiple cease and desist letters and having been denied registration of their trademark by the USPTO, Defendants continued the infringing use of their mark.

29. Despite having been provided with a complete explanation by the USPTO as to how and why under applicable case law their trademark was confusingly similar to Plaintiff's registered trademark, Defendants continue to infringe Plaintiff's registered trademark.

30. As Defendants refuse to stop using the infringing, confusingly similar mark for nearly identical goods and services as Plaintiff, Plaintiff is left with no other recourse than to seek remedy through the Courts.


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

31. Plaintiff has suffered irreparable and continues to suffer irreparable harm to its reputation by Defendants' continuous and unyielding use of the confusingly similar mark.

32. Defendants' reputation has suffered as evidenced by the attached article as Exhibit "C" and Plaintiff's reputation is and will continue to be tarnished by association with TRUST NAME.




https://ca.trustpilot.com/review/trustname.com

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)
## (Against All Defendants)

33. Plaintiff reasserts and realleges paragraphs 1-32 as if fully stated herein.

34. This is an action for federal trademark infringement against Defendants regarding its use of the mark "Trust Name" which is confusingly similar to Plaintiff.

35. Defendant KIRYL NESTSIAROVICH is the chief executive officer of "Trust


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Name" has the capacity to control the acts of Defendant TRUST NAME and is the motivating force behind the infringing activity set forth herein and has a financial interest in and has actively participated in this infringing activity.

36. Defendants' use of "Trust Name" in connection with the domain registrar and domain name portfolio management services is likely to cause confusion, deceive consumers, the public, and the trade regarding Plaintiff's services and reputation.

37. Further, Defendants are using "Trust Name" in their commercial activities and in an attempt to profit through the use of the infringing mark without Plaintiff's consent.

38. Defendants, through its agents authorized, condoned, directed, and participated in the decision to place the mark "Trust Name" in its efforts to increase its business and/or the business of its advertisers.

39. Plaintiff has and will continue to suffer irreparable harm from association with Defendants.

40. Defendants' actions, as set forth herein, constitute infringement of TRUST NAME's federal trademark registration in direct violation of the Lanham Act, 15 U.S.C. § 1114(1).

41. Defendants have acted with actual and constructive knowledge of Plaintiff's registration and with deliberate intention to confuse consumers, or with willful blindness to Plaintiff's rights.

42. Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled through the use of Plaintiff's trademark.

43. As a direct and proximate result of Defendants' acts, Plaintiff has been and will continue to be irreparably harmed and damaged in an amount to be determined at trial.

44. Plaintiff's irreparable injury will continue unless Defendants are permanently


**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

enjoined from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

45. The foregoing acts of infringement by Defendants in appropriating the Plaintiff's federally registered trademark have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C §1117.

46. Plaintiff is entitled to a preliminary and permanent injunction against Defendants, as well as all other monetary remedies and damages available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and attorney's fees.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**
**(Against All Defendants)**

47. Plaintiff reasserts and realleges paragraphs 1-32 as if fully stated herein.

48. Defendants have used the Plaintiff's federally registered trademark in connection with the same goods and services as Plaintiff's registered goods and services and continues to tarnish Plaintiff's reputation by falsely associating with them in its commercial advertising and promotion of Defendants' own services.

49. Defendants' use of the Plaintiff's federally registered trademark is likely to result in confusion, mistake, and deception among consumers as to a false association between Defendants and Plaintiff.

50. Defendants' deliberate and ongoing conduct is likely to result in consumers purchasing Defendants' and/or its advertisers services instead of Plaintiff's.

51. Defendants have undertaken the above actions with the **intent** to unfairly compete against Plaintiff, to freeride on Plaintiff's reputation and goodwill by causing confusion and

mistake among consumers and the public, and to deceive the public.

52. Defendants' intentional actions constitute a false and/or misleading description of Plaintiff's company and services that are material, to wit the reputation of the company, such that it was likely to influence consumers' purchasing decisions.

53. Defendants' actions, including its advertising and promotional activities, as set forth herein, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled.

55. As a direct and proximate result of Defendants' acts, Plaintiff has been and will continue to be irreparably harmed and damaged in an amount to be proven at trial.

56. Plaintiff's irreparable injury will continue unless Defendants are permanently enjoined from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

57. Defendants' intentional acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

58. Plaintiff is entitled to a preliminary and permanent injunction against Defendants, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and reasonable costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment against Defendants as follows:

a. For an award of actual damages in an amount to be determined at trial;

b. For an accounting of Defendants' profits;

c. For a judgment that Defendants' actions have been intentional and willful;

d. For reasonable attorney fees and costs under 15 U.S.C. §1117;

e. For pre-judgment interest on all amounts claimed as permitted by law;

f. For an order enjoining Defendants from using, displaying, or sharing any of the "Trust Name" mark in commerce;

g. For other such further and other relief as this Honorable Court may deem just and proper.

Dated: July 29, 2026,

Respectfully Submitted,

By: /s/ Jessica Getz, Esq.
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.comy
Jessica Getz, Esq.
Florida Bar No. 1054190
Jessica@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorneys for Plaintiff*